IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KEVIN WEBB, individually and as representative of the Estate of ROBERT ALLEN WEBB, *et al.*,     *Plaintiff,* <br><br> v. <br><br><br> BRAD LIVINGSTON, *et al.*,     *Defendants.* | § § § § § § § § § § § | No. 6:13-cv-711 <br><br><br> CONSOLIDATED ACTIONS |
| ASHLEY ADAMS, individually and as the representative of the Estate of RODNEY GERALD ADAMS, and WANDA ADAMS, individually, *et al.*,     *Plaintiffs,* <br><br> v. <br><br> BRAD LIVINGSTON, *et al.*,     *Defendants.* | § § § § § § § § § § § | No. 6:13-cv-712 |
| GWEN TOGONIDZE, as the next friend of J.T., a minor child and heir-at-law to the ESTATE OF ALEXANDER TOGONIDZE,     *Plaintiff,* <br><br> v. <br><br> BRAD LIVINGSTON, *et al.*,     *Defendants.* | § § § § § § § § § § § | No. 6:14-cv-93 |

DEFENDANTS' BRAD LIVINGSTON, WILLIAM STEPHENS AND
RICK THALER'S NOTICE OF APPEAL OF DOC. 76
IN *ADAMS v. LIVINGSTON, et al.*, No. 6:13-CV-712

TO THE HONORABLE UNITED STATES DISTRICT JUDGE MICHAEL H. SCHNEIDER:

Defendants Brad Livingston, William Stephens and Rick Thaler file this notice of appeal to the Fifth Circuit Court of Appeals from the June 12, 2014 order of the district court in *Adams v. Livingston, et al.,* Case No. 6:13-cv-712 (DE# 76) adopting the United States' Magistrate's recommendation directing that discovery proceed as to these defendants on the issue of qualified immunity.[1] By such order, the district court implicitly made the conclusion of law that the discovery of additional facts was material to the resolution of the issue of qualified immunity and that the Complaint stated sufficient facts to defeat Defendants' qualified immunity from suit.[2] The Amended Complaint failed to set forth sufficient facts to defeat defendants' immunity and their Motion to Dismiss based on qualified immunity should have been granted.[3] This is an interlocutory appeal taken from a judgment that resolves a significant issue in the case which cannot be effectively remedied through an appeal of a traditional final judgment.[4] The Court's judgment is "an appealable final decision within the meaning of [28 U.S.C. §1291](...) notwithstanding the absence of a final judgment." [Good v. Curtis](...), 601 F.3d 393, 397 (5th Cir. 2010). ("...the district court's determination that a particular dispute is *material* is a reviewable legal determination."); [Behrens v. Pelletier](...), 516

---

[1] Doc. 76 was signed and filed on June 12, 2014.

[2] Doc. 76- Order issued by the Honorable Michael H. Schneider. The lawsuit was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (docket entry #72 in Civil Action No. 6:13cv-712) concluding that a ruling on the Executive Defendants' motion to dismiss on the basis of qualified immunity (docket entry #31) should be deferred and that discovery may proceed against them.

[3] ("… pleadings' failure to allege the specific factual underpinnings of these legal conclusions is fatal in the face of the TDCJ–CID Director's assertion of qualified immunity."). [Valentine v. Jones](...), 2014 WL 1689202 *2 (5th Cir.2014).No further discovery is necessary when the Amended Complaint on its facts demonstrates that defendants are entitled to qualified immunity.  If a Complaint fails to set forth facts showing that Defendants violated clearly established law, the Court has a duty to dismiss the Complaint.  [Johnson v. Johnson](...), 385 F.3d 503, 524 (5th Cir.2004). ("...the defendant's conduct cannot constitute a violation of clearly established law if, on the plaintiff's version of the facts, there is no violation at all.")

[4] [Fed. R. App. Proc. 3(a)(1), 4(a)(1)(A)](...)

U.S. 299, 305-306, 116 S.Ct. 834, 839 (1996); ("In *Cohen,* we described a "small class" of district court decisions that, though short of final judgment, are immediately appealable because they "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated...we later found the immunity to be "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal [immunity] question."); *Locurto v. Safir*, 264 F.3d 154, 164 (2nd Cir. 2001):

> Where the district court bases its refusal to grant a qualified-immunity motion on the premise that the court is unable to, or prefers not to, determine the motion without discovery into the alleged facts, that refusal constitutes at least an implicit decision that the complaint alleges a constitutional claim on which relief can be granted. That purely legal decision does not turn on whether the plaintiff can in fact elicit any evidence to support his allegations; it thus possesses the requisite finality for immediate appealability under the collateral order doctrine.

*Carty v. Rodriguez,* 211 Fed. Appx. 292, C.A.5 (Tex.), 2006. ("Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself."); *Williams v. Brooks,* 996 F.2d 728, 730 (5th Cir.1993). ("...the district court loses its power to proceed from the time the [party] files its notice of appeal until the appeal is resolved. *United States v. Dunbar,* 611 F.2d 985 (5th Cir.1980) (*en banc*). As the court in Stewart held, "[t]he divestiture of jurisdiction occasioned by the filing of a timely notice of appeal is especially significant when the appeal is an interlocutory one" on an immunity issue.").[5]

---

[5] A Notice of Appeal must be filed within 30 days of the order appealed from Fed. R. App. Proc. Rule 4:

Appeal as of Right—When Taken

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ DEMETRI ANASTASIADIS
DEMETRI ANASTASIADIS
Assistant Attorney General
Attorney-In-Charge
State Bar No. 01164480

Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080 / (512) 495-9139 Fax

**ATTORNEYS FOR DEFENDANTS
BRAD LIVINGSTON, WILLIAM STEPHENS,
AND RICK THALER**

---

(a)   Appeal in a Civil Case.

(1)   Time for Filing a Notice of Appeal.

(A)   In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.

**NOTICE OF ELECTRONIC FILING**

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing, **Defendants Brad Livingston, William Stephens, and Rick Thaler's Notice of Appeal** in accordance with the Electronic Case Files system of the Eastern District of Texas, on this the 11th day of July 2014.

/s/ DEMETRI ANASTASIADIS
DEMETRI ANASTASIADIS
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, DEMETRI ANASTASIADIS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants Brad Livingston, William Stephens, and Rick Thaler's Notice of Appeal** has been electronically served on all counsel of record electronically via the Electronic Case Files system of the USDC - Eastern District of Texas or by another manner authorized by FED. R. CIV. P. 5 (b)(2) on this the 11th day of July, 2014.

/s/ DEMETRI ANASTASIADIS
DEMETRI ANASTASIADIS
Assistant Attorney General